This document was signed electronically on January 22, 2021, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated:  January 22, 2021



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | Case No. 20-51496 |
| ISIS NICOLE POLLARD, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Adversary Proceeding No. 20-05074 |
| ) | |
| JOE VITRANO, ) | |
| ) | Judge Alan M. Koschik |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ISIS NICOLE POLLARD, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### ORDER (I) DIRECTING CLERK TO VACATE ERRONEOUSLY ENTERED DISCHARGE ORDER, AND (II) DIRECTING PLAINTIFF AND DEFENDANT TO RESPOND TO REASONABLE COMMUNICATION REQUESTS AND <u>PREPARE FOR THE ADJOURNED PRETRIAL CONFERENCE</u>

On November 20, 2020, *pro se* plaintiff Joe Vitrano (the "Plaintiff") filed this adversary proceeding against *pro se* debtor-defendant Isis Nicole Pollard (the "Defendant"), seeking either

the determination of the dischargeability of the Defendant's debt to the Plaintiff, or the denial of the Defendant's general discharge.  On the same date, the Court entered its Pretrial Order, which set an initial pretrial in this adversary proceeding for January 13, 2021.  (Docket No. 4.)

The Defendant filed an answer on December 7, 2020.  (Docket No. 6.)

On December 12, 2021, the Clerk errantly entered an order of discharge in the Defendant's underlying bankruptcy case, Case No. 20-51496 (the "Main Case"), notwithstanding the pending adversary proceeding that argues that there could be grounds to deny that discharge.

The Court held its initial pretrial conference in this adversary on the record telephonically on January 13, 2021.  The Plaintiff appeared.  The Defendant did not, and wrote separately to the Clerk that she had to work and would be unable to attend, and referred to her filed answer.  At the pretrial conference, the Plaintiff further represented that he was having difficulty getting the Defendant to respond to his communications.

The Court has adjourned the initial pretrial conference to February 3, 2021, and wishes to ensure that both the Plaintiff and Defendant appear.  If that is not possible, the Court requires adequate notice of that fact so it can reschedule the pretrial for a time when both parties are available to participate.  In addition, the Court expects the Plaintiff and Defendant to diligently respond to communications from each other in order to clarify the issues disputed in this adversary proceeding and move efficiently towards a consensual or judicial resolution.

Based on the foregoing,

**IT IS HEREBY ORDERED THAT:**

1.  The Clerk is directed to vacate the order of discharge in the Main Case, Case No. 20-51496.  (Main Case Docket No. 50.)

2. The Plaintiff and Defendant are each directed to use diligent efforts to respond to reasonable requests for communication from the other.

3. As already reflected on the docket, the adjourned pretrial conference in this adversary proceeding is now scheduled to occur telephonically on **February 3, 2021, at 2:00 p.m.** Each party is expected to participate and should give courtroom deputy Mary Knotts *at least one week's notice* if they know they will be unable to do so because of an unavoidable time conflict, such as required work hours. If that occurs, the Court will schedule a pretrial conference both parties can attend. Defendant shall be prepared to suggest reasonable dates and times when she could be available for a pretrial conference during business hours. Each party shall also provide the courtroom deputy with the telephone number at which they can be reached for the telephonic pretrial conference. Ms. Knotts can be reached at mary_knotts@ohnb.uscourts.gov or (330) 252-6134.

4. The Plaintiff and Defendant should consider whether this adversary proceeding would be an appropriate matter for mediation, and should be prepared to discuss that possibility at the next pretrial conference.

# # #